J-A12017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL BRICE | : | |
| | : | |
| Appellant | : | No. 588 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002860-2014

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED JUNE 22, 2020**

Appellant, Daniel Brice, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following revocation of his probation.  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 7, 2015, Appellant entered a guilty plea to one count of robbery.  The court sentenced Appellant to one year less one day to two years less two days of imprisonment, followed by four years' probation, and granted immediate parole.  Following technical violations of probation, the court revoked Appellant's probation on May 1, 2017, and resentenced Appellant to two years of state intermediate punishment ("SIP"), followed by one year of probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On March 20, 2019, the court again revoked Appellant's probation, based upon Appellant's new criminal conviction for escape. The court resentenced Appellant for robbery to 7-14 years' incarceration, with credit for time served. On March 29, 2019, Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence, which the court denied on April 5, 2019. Appellant timely filed a notice of appeal on April 18, 2019. On April 26, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant complied on May 20, 2019.

Appellant raises the following issue for our review:

> DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IMPOSING A MANIFESTLY EXCESSIVE AND DISPROPORTIONATE SENTENCE OF 7 TO 14 YEARS IN PRISON WHEN IT FAILED TO CONSIDER [APPELLANT'S] MITIGATING CIRCUMSTANCES, INCLUDING HIS ADVANCED AGE, HEALTH CONCERNS, REMORSEFULNESS, AND HIS WILLINGNESS TO UNDERGO CONTINUING TREATMENT FOR SERIOUS MENTAL HEALTH ISSUES?

(Appellant's Brief at 5).

Appellant argues his revocation sentence of 7-14 years' incarceration is excessive. Specifically, Appellant alleges the court did not consider mitigating factors, such as Appellant's age, mental and physical health conditions, remorsefulness, and willingness to continue treatment, when imposing Appellant's sentence. Appellant asserts the court instead focused on Appellant's lifelong drug addiction and most recent relapse. Appellant concludes this Court should remand for resentencing.

As presented, Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (internal citations omitted).

Under Pa.R.A.P. 2119(f), an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); *Commonwealth v. Tuladziecki*, 513 Pa. 508,

522 A.2d 17 (1987); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Anderson***, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13. This Court does not accept bald assertions of sentencing errors as substantial questions. ***Commonwealth v. Malovich***, 903 A.2d 1247 (Pa.Super. 2006). Rather, an appellant must articulate the bases for his allegations that the sentencing court's actions violated the sentencing code. ***Id.***

Additionally, "[i]n general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa.Super. 2006). A

sentence should not be disturbed where it is evident the court was aware of the appropriate sentencing considerations and weighed them in a meaningful fashion. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super. 2000).

"[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa.Super. 2001). A court can sentence a defendant to total confinement after revoking probation if the defendant was convicted of another crime, the defendant's conduct indicates it is likely that he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority. *Commonwealth v. Crump*, 995 A.2d 1280 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). As well, if the sentencing court has the benefit of a pre-sentence investigation ("PSI") report, the law presumes the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. *Commonwealth v. Tirado*, 870 A.2d 362 (Pa.Super. 2005).

Instantly, Appellant raised his sentencing issue in a timely post-sentence motion, timely notice of appeal, and in his Rule 2119(f) statement. Nevertheless, Appellant's bald allegation of excessiveness and claim that the sentencing court failed to consider mitigating factors, such as Appellant's advanced age, health concerns, remorsefulness, and willingness to undergo

treatment, do not pose substantial questions. *See Mouzon, supra*; *Cruz-Centeno, supra* (explaining allegation that sentencing court failed to consider or did not adequately consider certain factors does not raise substantial question). Thus, Appellant has not satisfied the required 4-part test for review of his sentencing claim. *See Hyland, supra*.

Moreover, the court had the benefit of a PSI report. Therefore, we can presume the court was aware of the relevant information regarding mitigating circumstances. *See Tirado, supra*. The court also explained its rationale as follows:

> [I]t should be noted that [Appellant] was no stranger to this court. [Appellant] was already serving a probation sentence for this court…for Criminal Trespass and Retail Theft when he committed a Felony 1-Robbery…. At the plea and sentencing hearing held on January 7, 2015, [Appellant] faced a recommended guideline range of 72-84 months in the standard range for his robbery conviction.
>
> Notwithstanding [Appellant's] high guideline range, this court showed [Appellant] a great deal of leniency when it substantially departed below the guidelines and imposed a county sentence of one (1) year less a day to two (2) years less two (2) days in the Allegheny County Jail ("ACJ"). [Appellant] received a consecutive four (4) year period of probation, and he was awarded 350 days of credit for time served. He was paroled to a JRS Service Plan that mandated participation in the CORE Program. …
>
> At that time, the court agreed that several mitigating factors warranted a county sentence that was focused on rehabilitation so that [Appellant] could have an opportunity to meaningfully address his substance abuse and mental health issues. The court believed [Appellant's] high guidelines were based on stale, decades-old convictions, and the court expressly told [Appellant] that "help is what you need more [of] at this time." Additionally, the court

considered the fact that no one was harmed during the commission of the robbery, and the court was genuinely moved by [Appellant's] show of remorse and his eagerness to obtain treatment. The court further understood that [Appellant] was in his sixties, had serious health problems, and that he had a history of employment which included serving as a deacon in his church. These combined factors all weighed in favor of a less serious sentence that gave [Appellant] a chance to undergo treatment and see progress in his recovery.

\* \* \*

[Following technical violations of probation, the court revoked Appellant's probation and resentenced Appellant to two years of SIP, followed by one year of probation.] At the May 1, 2017 SIP sentencing, the court gave [Appellant] another chance at rehabilitation and was optimistic that he would successfully complete the program. [Appellant] expressed his gratitude towards the court and the leniency that it had shown him….

Approximately 1½ years later, [Appellant] was revoked out of the SIP program due to a new Escape charge…. [Appellant] had completed the prison portion of the SIP sentence and had been released to Renewal. Instead of complying with the facility's treatment program, he failed to return for several days and went on a cocaine binge. [Appellant] pled guilty to the Escape charge on December 19, 2018.

On March 20, 2019, a hearing was held to address the sentencing for the Escape charge as well as the probation violation…. At that hearing, Counsel for [Appellant] attempted to cite [Appellant's] age, health issues, and need for treatment as mitigating factors. However, given the court's long history with [Appellant], the court no longer saw these factors as mitigating[, stating] "That's why I would have thought he wouldn't be back in front of me on anything, right?" The court heard [Appellant's] allocution, but then went on to express its disappointment and concern with [Appellant's] behavior….

Against this backdrop, it is clear that [Appellant] was

provided with an extraordinary opportunity to be rehabilitated. The fact that he failed himself, as well as this court, does not mean that his sentence was imposed without consideration of the relevant statutory factors. To the contrary, all this court has done since it met [Appellant] was consider the mitigating factors…and attempt to assist him with his mental health issues and drug addiction. However, [Appellant's] failure to comply with the terms of his sentence, despite repeated warnings and multiple opportunities to do so, warranted a serious period of total confinement.

For all of the reasons just stated, [Appellant] cannot meet his burden of showing that his revocation sentence was an abuse of discretion. Given this court's familiarity with [Appellant], his history, background, and characteristics, this court was in the best position to view [Appellant] and gauge his ability (or lack thereof) to become a productive, law-abiding member of society.

Moreover, the sentences did not exceed the statutory maximum sentence, they were not manifestly unreasonable under the circumstances, and they were essential to vindicate the authority of the court. Accordingly, this court respectfully requests that its sentence be upheld.

(Trial Court Opinion, filed August 8, 2019, at 5-13) (internal citations omitted). The record makes clear the court adequately considered Appellant's mitigating circumstances, as well as his repeated failures to take advantage of the court's leniency, when crafting Appellant's sentence. Thus, even if Appellant had raised a substantial question warranting review, Appellant would not be entitled to relief on his challenge to the discretionary aspects of sentencing. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/22/2020</u>